IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY M. YOUNG,

Plaintiff,

v.

STATE OF OREGON EMPLOYEES, et al.,

Defendants.

Case No. 3:26-cv-1888-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-Represented Plaintiff Anthony M. Young brings this case against Defendants State of Oregon Employees—including "State Officals of Oregon (Employees Courthouse Jude, Clerks, DA Sherriff)" and "Multhomha Courthouse Officals (Emplyees, Judges, Clerk, Police)"—and Madison Lanyon. Compl. 2, ECF No. 1. Plaintiff moves to proceed *in forma pauperis* (IFP). Appl. Leave Proceed IFP, ECF No. 2. Because Plaintiff appears to have minimal income, the

Court grants the motion to proceed IFP. The Court, however, dismisses the Complaint under 28 U.S.C. § 1915(e) with leave to amend.

## STANDARDS

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints that are "frivolous, malicious, or repetitive"). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325 ("[F]rivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend their complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

As a preliminary matter, Plaintiff has failed to state a claim on which relief can be granted. Plaintiff brings a wide range of claims, none of which are supported by specific facts.

Plaintiff appears to bring claims under the Racketeer Influenced and Corrupt Organizations Act, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, the Americans with Disabilities Act, the Health Insurance Portability and Accountability Act, and Title 18 of the United States Code, among others. *See* Compl. 3-5. And this case appears to arise out of a domestic dispute in state court. *See id.*; Mot. Duress, ECF No. 3. But the only facts alleged in his Complaint are sparse allegations that the courts know that his child has been "withheld" by the child's mother, that Plaintiff has been wrongfully evicted, and that state officials have been retaliating against him and have committed fraud on the courts. Compl. 4-5. Plaintiff also brings claims against Madison Lanyon, Compl. 2, but he does not explain who Defendant Lanyon is and makes no specific allegations against her, *see generally* Compl. Plaintiff has not plausibly stated a claim for relief.

Moreover, this case appears to suffer from many of the same jurisdictional issues identified by judges in Plaintiff's prior cases in this district.[1] To the extent that Plaintiff's asks the Court to interfere in an ongoing child custody dispute, *see* Mot. Duress 1 (describing alleged abuse and custodial interference and asking the court to order his child be returned to Plaintiff), this case is barred by *Younger v. Harris*, 401 U.S. 37 (1971), *H.C. ex. rel Gordon v. Koppel*, 203 F.3d 610, 612-14 (9th Cir. 2000) (finding *Younger* applied to a case seeking "federal intervention into an ongoing state domestic dispute"). It also appears Plaintiff intends to name state court judges as Defendants. *See* Compl. 2 (naming Multnomah and Clackamas County employees, including judges, as Defendants). Such claims are barred by judicial immunity. *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) ("It is well settled that judges are generally immune from suit for

---

[1] *See Young v. State of Oregon*, 3:25-cv-00397-SI (D. Or.), and *Young v. Multnomah County Court*, 3:24-cv-00086-AR (D. Or.).

money damages."). Finally, to the extent Plaintiff brings suit against the State of Oregon or its employees in their official capacities, these claims are barred by the Eleventh Amendment. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992) ("The eleventh amendment bars both a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity.").

**CONCLUSION**

The Court GRANTS Plaintiff's Application for Leave to Proceed IFP [2] but DISMISSES Plaintiff's Complaint [1] under 28 U.S.C. § 1915. The Court also DENIES AS MOOT Plaintiff's Motion for Duress [3]. Plaintiff is granted leave to file an amended complaint curing the deficiencies identified above. Plaintiff's amended pleading, if any, is due within 30 days of this Opinion & Order. Failure to file an amended pleading will result in dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED.

DATED 09/24/2026.

AMY M. BAGGIO
United States District Judge